```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
VIBESLAND ENTERTAINMENT, LLC.,               :
                                             :
                    Plaintiff,               :
                                             :      **SUMMARY ORDER**
           -against-                         :      17-CV-2729 (DLI) (RLM)
                                             :
BURNA BOY LTD., DAMINI OGULU A.K.A.          :
BURNA BOY, BOSE ABODOSEDE OGULU,             :
THE PLAYSTATION THEATER, A SUBSIDIARY        :
OF ANSHULTZ ENTERTAINMENT GROUP              :
(AEG), W & R PROJECTS, LLC.,                 :
                                             :
                    Defendants.              :
----------------------------------------------------------------x
```
**DORA L. IRIZARRY, Chief United States District Judge:**

Vibesland Entertainment, LLC. ("Plaintiff"), seeks this Court's intervention to prevent the musician Burna Boy from performing at the PlayStation Theater, tomorrow, May 6, 2017 ("PlayStation Concert"). The Court declines that invitation.

On May 5, 2017, Plaintiff filed a Complaint against Burna Boy Ltd., Damini Ogulu a.k.a. Burna Boy ("Burna Boy"), Bose Abodosede Ogulu, the PlayStation Theater, a subsidiary of Anshultz Entertainment Group, and W & R Projects, LLC (collectively "Defendants"), alleging breach of contract and tortious interference. *See* Mot. for Prelim. Injunction & Temp. Restrain. Order ("TRO Mot."), Dkt. Entry No. 1 at 24-39.

In addition to the Complaint, Plaintiff filed papers supporting an application for a preliminary injunction and a temporary restraining order to enjoin Burna Boy from performing at the PlayStation Concert. *See Id*. at 1-23; Unsigned Order to Show Cause ("Prop. OTSC"), Dkt. Entry No. 2. The sole reason for this request is Plaintiff's conclusory allegation "that it will suffer

both economic loss and harm to its business reputation." TRO Mot. at 29. Defendants oppose this motion. *See* Opp. to App. For Temp. Retrain. Order, Dkt. Entry No. 4.

At the outset, the Court notes disapprovingly that Plaintiff filed this request on the eve of the PlayStation Concert when its Chief Executive Officer knew, as early as the end of March 2017, that Burna Boy would be performing at this event in early May. This application could have, and should have, been filed at that time. The Court takes a dim view of such tactical, eleventh hour ploys. However, this calculated decision does not serve Plaintiff's application; the Court cannot reach the merits of Plaintiff's request because it lacks subject matter jurisdiction over the underlying dispute.

"Federal courts are courts of limited jurisdiction whose power is limited strictly by Article III of the Constitution and congressional statute." *United Food & Commercial Workers Union, Local 919 AFL-CIO v. CenterMark Props. Merdien Square, Inc.*, 30 F.3d 298, 303 (2d Cir. 1994) (internal citation omitted). For that reason, parties "cannot waive subject matter jurisdiction by express consent, conduct, or estoppel because they fail to challenge jurisdiction early in the proceedings." *Id.* (internal citations and quotation marks omitted). If the parties fail to raise this issue, the Court may do so *sua sponte*. FED. R. CIV. P. 12(h)(3); *Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont*, 565 F.3d 56, 62-63 (2d Cir. 2009) (internal citation omitted). This is so because the Court has "an independent obligation to ensure that [it] do[es] not exceed the scope of [its] jurisdiction, and therefore [it] must raise and decide jurisdictional questions that the parties either overlook or elect nor to press." *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011) (internal citations omitted). When the Court lacks subject matter jurisdiction, it must dismiss the action. FED. R. CIV. P. 12(h)(3); *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006).

Here, Plaintiff claims that this Court has subject matter jurisdiction over the dispute pursuant to both 28 U.S.C. § 1331 and 28 U.S.C. § 1332. *See* TRO Mot. at 25, 26. The Court disagrees. For the Court to exercise original jurisdiction under 28 U.S.C. § 1331, an action must "aris[e] under the Constitution, laws, or treaties of the United States." Insofar as any claims might be stated in the Complaint, they are common law actions based on an alleged contract and do not "arise" under the federal Constitution, laws, or treaties. *See generally*, TRO Mot. at 24-31. As such, § 1331 is inapplicable to this matter. As for diversity jurisdiction under 28 U.S.C. § 1332, it may be invoked only where there is complete diversity of citizenship between the parties. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) (internal citations omitted); *Graves v. Home Depot U.S.A., Inc.*, No. 12-CV-3816 (LGS) (DF), 2013 WL 3055348, at *1 (S.D.N.Y. May 24, 2013) (internal citations omitted). Here, Plaintiff affirmatively pleads that both it and Defendant W & R Projects, LLC. are limited liabilities corporations organized under the laws of New York State. *Compare* TRO Mot. at 24, *with Id*. at 25. Since complete diversity does not exist between the parties, the Court cannot exercise diversity jurisdiction over this proceeding.

Accordingly, this matter is dismissed for want of subject matter jurisdiction.

## **CONCLUSION**

For the reasons stated above, the matter is dismissed, without prejudice to refile in the proper forum, for lack of subject matter jurisdiction. While this Court is skeptical of the merits of the application, it is for the appropriate jurisdiction to decide whether or not the show must go on.

SO ORDERED.

Dated: Brooklyn, New York
      May 5, 2017

                                              /s/
                                     DORA L. IRIZARRY
                                         Chief Judge